FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, AN AGENCY OF THE UNITED STATES OF AMERICA, APPELLANT AND CROSS–RESPONDENT, v. MELVIN S. MOSS, ALBERT G. NEUMEYER, ROBERT C. FIELDING, EDWARD J. HELLMER, JOHN DONALD PULLIAM AND WILLIAM G. RAY-SON, RESPONDENTS AND CROSS–APPELLANTS.

No. 6374

April 11, 1972 495 P.2d 616

*Munger, Tolles, Hill & Rickershauser; Peter R. Taft, Ronald L. Olson,* of Los Angeles; *Milton W. Keefer,* of Las Vegas, for Appellant.

*Simon, Sheridan, Murphy, Thornton & Medvene,* of Los Angeles; *Jones, Jones, Close, Bilbray & Kaufman, Ltd.,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

May 23, 1967, First Western Savings and Loan Association filed a complaint in our Eighth Judicial District Court, seeking some $20 million in damages for waste and mismanagement. June 13, 1967, respondents Moss, Hellmer, Pulliam and Rayson answered the complaint, and thereafter proceeded with discovery through interrogatories. By special appearance, respondents Neumeyer and Fielding moved the court to quash purported service of process upon them, which it did July 2, 1968.

Except for answering interrogatories propounded by the respondents who appeared, unsuccessfully resisting motions to quash service made by those who did not, and filing but not perfecting an appeal from the lower court's order quashing service of process, First Western did little to move its action forward. On September 28, 1968, First Western assigned its

interest in the case to appellant Federal Savings and Loan Insurance Corporation ("FSLIC"), which on November 12, 1968, petitioned to remove the case to the United States District Court. Simultaneously, FSLIC commenced in federal court an action it characterizes as "incorporating claims of [First Western] pursuant to the assignment and original claims of FSLIC." In federal court, FSLIC apparently concentrated its efforts on the second action; on November 8, 1969, that court held that FSLIC's attempt to remove the first action was improper, and remanded it to the Eighth Judicial District Court.

December 19, 1969, FSLIC noticed voluntary dismissal of the first action as to Fielding and Neumeyer, pursuant to NRCP 41(a)(1); February 10, 1970, Fielding and Neumeyer moved to have the dismissal amended to be with prejudice.[1] February 10, the other respondents moved to dismiss the action with prejudice pursuant to NRCP 41(a)(2); March 6, FSLIC moved for voluntary dismissal of the action against those respondents, pursuant to NRCP 41(e).[2] May 11, the court entered an Order that recited in material part:

"1. The motion of defendants Moss, Hellmer, Pulliam and Rayson to dismiss for want of prosecution pursuant to Rule

---

[1]NRCP 41(a)(1) provides: "Subject to the provisions of Rule 23(e), of Rule 66, and of any statute, an action may be dismissed by the plaintiff upon repayment of defendants' filing fees, without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

[2]NRCP 41(a)(2) provides: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

NRCP 41(e) provides: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . . A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides."

41(e) of the Nevada Rules of Civil Procedure is hereby denied;

" . . .

"3. Defendants Neumeyer and Fielding's motion to amend judgment of dismissal is hereby denied;

"4. Plaintiff's motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Nevada Rules of Civil Procedure as to defendants Moss, Hellmer, Pulliam, and Rayson, and the twenty John Does is hereby granted on condition that plaintiff pay the cost of defendants Moss, Hellmer, Pulliam, and Rayson as permitted by Nevada law and/or by agreement of the parties during the course of the litigation and on condition that plaintiff also pay the reasonable attorneys fees paid by defendants Moss, Hellmer, Pulliam, and Rayson for legal services in this case, and said defendants shall have twenty days from the date of this order for submitting said bills."

May 28, FSLIC then noticed a purported appeal "from that certain portion of Paragraph numbered 4 of that certain Order . . . which provides that Plaintiff pay the reasonable attorneys fees paid by Defendants Moss, Hellmer, Pulliam, and Rayson . . ." The thrust of this appeal is that FSLIC, as an agency of the United States Government, cannot be assessed for legal fees it causes others to incur. The defendant-respondents have purported to cross-appeal from paragraphs 1, 3 and 4 of the court's order, contending the record shows such delay on the part of First Western and FSLIC as to make dismissal with prejudice obligatory.

 █

Because Neumeyer and Fielding were not parties to the action in the lower court after FSLIC dismissed its action as to them, neither was a "party aggrieved" within the meaning of NRCP 72(a) when the lower court declined to amend FSLIC's dismissal of its action against them; hence, we dismiss their appeal. "Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a *notice* of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." American Cyanamid Company v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963); cf. Volpert v. Papagna, 83 Nev. 429, 433 P.2d 533 (1967).

Because the lower court has not entered a final order disposing of the action as between FSLIC and the other respondents, the appeals of those parties are likewise dismissed. NRCP 72(b). Since appellant has declined to accept a voluntary dismissal on the terms the court below would allow it, the court on remand may, on a renewed motion to dismiss for want of prosecution, decide that appellant's delay in prosecuting its case constitutes an adequate independent ground for a dismissal with prejudice. In that event, any error that may arguably have occurred in the court's original order would be harmless. United States v. Pacific Fruit & Produce Co., 138 F.2d 367 (9th Cir. 1943).

Appeals dismissed.