129 Nev., Advance Opinion 15

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STEPHEN STUBBS, AN INDIVIDUAL, Appellant, vs. TRACY STRICKLAND, AN INDIVIDUAL, Respondent. | No. 58751 **FILED** MAR 14 2013 |
| TRACY STRICKLAND, AN INDIVIDUAL, Appellant, vs. STEPHEN STUBBS, AN INDIVIDUAL, Respondent. | No. 59145 |

Consolidated appeals from a district court order dismissing an action for anti-SLAPP relief and from a post-judgment district court order denying attorney fees and costs. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Affirmed.

Hutchison & Steffen, LLC, and Michael K. Wall, Las Vegas, for Stephen Stubbs.

L.G. Strickland, Boulder City, for Tracy Strickland.

BEFORE THE COURT EN BANC.

OPINION

By the Court, GIBBONS, J.:

In this appeal, we consider whether a defendant can file an anti-SLAPP (Strategic Lawsuit Against Public Participation) suit after the plaintiff voluntarily dismisses the initial lawsuit. We conclude that if the

13-07649

plaintiff voluntarily dismisses the action before the defendant files either an initial responsive pleading or a special motion to dismiss pursuant to NRS 41.670, the defendant cannot file an anti-SLAPP suit against the plaintiff based on that action.

## FACTS AND PROCEDURAL HISTORY

In December 2010, Stephen Stubbs gave a speech during the public comment portion of a Boulder City Council meeting. In the speech, Mr. Stubbs accused Boulder City Councilwoman Linda Strickland and her husband, Tracy Strickland, of not following Boulder City Municipal Code requirements for the licensure of their law firm. Afterwards, Mr. Stubbs posted the speech on his website.

In January 2011, Mr. Strickland, represented by Councilwoman Strickland, filed a complaint against Mr. Stubbs for libel per se and negligent infliction of emotional distress based on the Internet posting. However, Mr. Strickland voluntarily dismissed the suit under NRCP 41(a) nine days after Mr. Stubbs received the complaint and before Mr. Stubbs filed an answer or any pleading in the case. Following the voluntary dismissal, Mr. Stubbs filed a separate complaint against Mr. Strickland, seeking damages and attorney fees pursuant to Nevada's anti-SLAPP statute. In response, Mr. Strickland filed an NRCP 12(b)(5) motion to dismiss the complaint. The district court granted Mr. Strickland's motion, finding that Mr. Stubbs had no standing to file his complaint under the anti-SLAPP statute once Mr. Strickland voluntarily dismissed his action. After prevailing on his motion to dismiss, Mr. Strickland moved for attorney fees and sanctions. The district court denied his motion without making any specific findings.

Mr. Stubbs now appeals the district court's order dismissing his anti-SLAPP action, arguing that such an action is permitted by NRS

41.620, regardless of whether Mr. Strickland voluntarily dismissed the original suit before Mr. Stubbs could file an answer. We disagree and therefore affirm the district court's order dismissing Mr. Stubbs's action.

Mr. Strickland appeals the district court's order denying his motion for attorney fees and sanctions, arguing that Mr. Stubbs filed his complaint without reasonable grounds, the complaint was not warranted under existing law, and Mr. Stubbs failed to argue for an extension of the law. We disagree and therefore affirm the district court's order denying Mr. Strickland's request for attorney fees and sanctions.

## DISCUSSION

### The district court properly dismissed Mr. Stubbs's complaint because Mr. Strickland voluntarily dismissed the original suit before Mr. Stubbs filed an answer

Mr. Stubbs argues that NRS 41.670(2) allows a defendant to bring a separate action for damages, attorney fees, and costs resulting from a SLAPP suit, even if the plaintiff filing the alleged SLAPP suit voluntarily dismisses the action before a defendant appears in the lawsuit or has the opportunity to file the special motion to dismiss. In response, Mr. Strickland argues that the statute allows a party to file a separate action for damages and attorney fees only if the district court grants a special motion to dismiss pursuant to NRS 41.660.

An order granting an NRCP 12(b)(5) motion to dismiss "is subject to a rigorous standard of review on appeal." Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (quotations omitted). This court presumes all factual allegations in the complaint are true and draws all inferences in favor of the plaintiff. Id. at 228, 181 P.3d at 672. Dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would

entitle [the plaintiff] to relief." Id. We review all legal conclusions de novo. Id.

A SLAPP suit is a meritless lawsuit that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights. John v. Douglas County School District, 125 Nev. 746, 752, 219 P.3d 1276, 1280 (2009). When a plaintiff files a SLAPP suit against a defendant, Nevada's anti-SLAPP statute allows the defendant to file a special motion to dismiss in response to the action. NRS 41.660(1). NRS 41.670(2) further provides, "If the court grants a special motion to dismiss filed pursuant to NRS 41.660 . . . [t]he person against whom the action is brought may bring a separate action to recover: (a) [c]ompensatory damages; (b) [p]unitive damages; and (c) [a]ttorney's fees and costs of bringing the separate action."

We construe a plain and unambiguous statute according to its ordinary meaning. Cromer v. Wilson, 126 Nev. ___, ___, 225 P.3d 788, 790 (2010). The plain language of NRS 41.670 clearly conditions a defendant's ability to bring a separate action for damages and attorney fees in response to a SLAPP suit on the district court's grant of a special motion to dismiss. Therefore, an anti-SLAPP suit for damages and attorney fees may not proceed unless the district court previously granted a special motion to dismiss. This special motion to dismiss functions as a motion for summary judgment and allows the district court to evaluate the merits of the alleged SLAPP claim. See NRS 41.660(3), (4); John, 125 Nev. at 753, 219 P.3d at 1281.

In this case, a special motion to dismiss was neither filed nor granted before Mr. Strickland voluntarily dismissed the alleged SLAPP suit. A plaintiff may voluntarily dismiss an action "at any time before

service by the adverse party of an answer or of a motion for summary judgment." NRCP 41(a)(1)(i). After a plaintiff files a notice of voluntary dismissal, the file is closed and a defendant may not revive the action. Harvey L. Lerer, Inc. v. District Court, 111 Nev. 1165, 1170, 901 P.2d 643, 646 (1995) (citing Federal Sav. & Loan Ins. Corp. v. Moss, 88 Nev. 256, 259, 495 P.2d 616, 618 (1972)). Therefore, the anti-SLAPP suit remedy was unavailable to Mr. Stubbs after Mr. Strickland's voluntary dismissal.

Mr. Stubbs claims this interpretation of NRS 41.670(2) violates the public policy behind Nevada's anti-SLAPP statute, as it would allow a plaintiff to file a SLAPP suit and force a defendant to suffer expenses and intimidation, while also allowing the plaintiff to escape any penalty if he or she dismisses the action before the defendant has a chance to seek relief. However, "[p]laintiffs have the freedom to reconsider the wisdom of their actions without penalty before defendants have incurred clearly identifiable and recoverable legal fees." S.B. Beach Properties v. Berti, 138 P.3d 713, 718 (Cal. 2006).

S.B. Beach Properties is instructive here. In reviewing facts similar to this instant case, the California Supreme Court acknowledged that legal actions, even those ultimately dismissed, are a burden on a defendant. Id. Nonetheless, it ruled that permitting plaintiffs to voluntarily dismiss their claims without penalty prior to the filing of an anti-SLAPP special motion serves the dual purposes of allowing a plaintiff freedom of action and extracting a defendant from a lawsuit as quickly and inexpensively as possible. S.B. Beach Properties, 138 P.3d at 717-18. We agree with the California court and decline to penalize plaintiffs who opt to discontinue frivolous lawsuits.

Therefore, we conclude that a defendant may not pursue an action for damages and attorney fees pursuant to NRS 41.670(2) when the plaintiff voluntarily dismisses the alleged SLAPP suit before a special motion to dismiss is filed or granted. As a result, the district court properly dismissed Mr. Stubbs's complaint.

<u>The district court did not abuse its discretion in refusing to award attorney fees or impose sanctions because Mr. Stubbs argued for a change or clarification in existing law</u>

Mr. Strickland argues that the district court abused its discretion by refusing to award him attorney fees or other sanctions because Mr. Stubbs filed his complaint without reasonable grounds, the complaint was not warranted by existing law, and Mr. Stubbs failed to argue for an extension of the law.[1] Mr. Stubbs responds that he filed his complaint in good faith to either clarify the law or possibly change the law as it relates to a defendant's ability to bring a separate action for damages and fees under NRS 41.670(2). We agree with Mr. Stubbs.

We review orders refusing to award attorney fees or issue sanctions under NRS 18.010(2)(b), NRS 7.085(1), and NRCP 11 for an abuse of discretion. <u>Baldonado v. Wynn Las Vegas</u>, 124 Nev. 951, 967, 194

---

[1]Mr. Strickland asserts that the district court made no specific findings when denying the motion for attorney fees and seems to suggest that this court should require district courts to articulate findings as to why attorney fees are not warranted. While we require a district court to make findings regarding the basis for awarding attorney fees and the reasonableness of an award of attorney fees, <u>see</u> <u>Argentena Consol. Mining Co. v. Jolley Urga</u>, 125 Nev. 527, 540 n.2, 216 P.3d 779, 788 n.2 (2009), this court has not required such findings when a district court denies a motion for attorney fees. Therefore, we conclude that Mr. Strickland's argument lacks merit.

P.3d 96, 106 (2008); <u>Bergmann v. Boyce</u>, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993).

NRS 18.010(2)(b) permits a district court to award attorney fees to a prevailing party when the district court determines a claim of the opposing party was brought without reasonable grounds or to harass the prevailing party. NRS 7.085(1) also allows a district court to require an attorney to personally pay expenses and attorney fees relating to a case when the attorney filed or maintained an action that was not well-grounded in fact or existing law, did not provide a good faith argument for a change to existing law, or unreasonably extended the proceedings.

Mr. Strickland contends that Mr. Stubbs's complaint misrepresented the law by omitting pertinent portions of NRS 41.670 that condition a party's recovery of damages and attorney fees on the grant of a special motion to dismiss. Mr. Strickland also asserts that Mr. Stubbs's complaint was misleading because it relied upon a California appellate case, <u>ARP Pharmacy Services, Inc. v. Gallagher Bassett Services, Inc.</u>, 42 Cal. Rptr. 3d 256 (Ct. App. 2006), that did not support his position, while failing to distinguish <u>S.B. Beach Properties</u>, which was directly on point. Mr. Strickland also claims that Mr. Stubbs never raised statutory interpretation arguments before the district court and, therefore, waived this argument on appeal.

First, we conclude that Mr. Stubbs's complaint adequately incorporates the relevant portions of NRS 41.670, as Counts 2 and 3 of the complaint seek remedy under "41.635 et. seq." and Nevada is a notice pleading state. <u>See, e.g.</u>, <u>Hay v. Hay</u>, 100 Nev. 196, 198, 678 P.2d. 672, 674 (1984). Second, we do not agree that Mr. Stubbs attempted to mislead the district court by arguing for application of <u>ARP Pharmacy Services</u>, as

his argument did not suggest that case was directly on point with the circumstances of this case. Third, we do not agree that Mr. Stubbs waived his arguments regarding statutory interpretation, since he made similar statutory interpretation arguments at the hearing on the motion to dismiss, in his opposition to Mr. Strickland's motion for attorney fees, and during the hearing on the motion.

Mr. Strickland also asserts that Mr. Stubbs filed his pleading for an improper purpose, as Mr. Stubbs's claims focused on Councilwoman Strickland as an elected official rather than Mr. Strickland, who was the plaintiff in the original complaint. Mr. Stubbs argues that he mentioned Councilwoman Strickland's misconduct in the complaint because he believed Mr. Strickland was attempting to quiet Mr. Stubbs on behalf of Councilwoman Strickland by filing the original complaint. We conclude that Mr. Stubbs did not bring his complaint for an improper purpose because Mr. Stubbs argued for a change or clarification in existing law and nothing in the record demonstrates Mr. Stubbs made accusations he knew were untrue. Therefore, the district court did not abuse its discretion by denying Mr. Strickland's motion for attorney fees pursuant to NRS 7.085(1) and NRS 18.010(2)(b).[2]

---

[2]Moreover, sanctions were not appropriately requested in this case under NRCP 11. NRCP 11(c)(1)(A) requires a party to file a motion for sanctions separately from other motions or requests. Mr. Strickland filed a motion for attorney fees that mentioned NRCP 11 but did not file a separate motion for sanctions based on NRCP 11. Even if Mr. Strickland had filed the NRCP 11 request in the appropriate form, the district court did not abuse its discretion in denying the request because Mr. Stubbs made a good faith argument for clarification or change to existing law and made a reasonable and competent inquiry before filing the claim, as discussed above.

Accordingly, we affirm the district court's orders.[3]

_____, J.
Gibbons

We concur:

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[3]We have considered the parties' remaining arguments and conclude they are without merit.