An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROSS BARTON,
Appellant,
vs.
THE STATE OF NEVADA, EX. REL.;
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND LEE A. GATES, JUDGE,
IN HIS OFFICIAL CAPACITY,
Respondents.

No. 59875



FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing appellant's complaint in a civil rights action. Eighth Judicial District Court, Clark County; Allan R. Earl, Judge.

In 2007, appellant filed a habeas corpus petition in which he sought relief from a 1995 criminal conviction. Respondents denied the petition, concluding that the petition was untimely and that appellant had failed to demonstrate good cause for the untimeliness. *See* NRS 34.726(1). Appellant appealed from this order, and this court affirmed the denial of appellant's petition on the same grounds stated by respondents. *See Barton v. State*, Docket No. 53122 (Order of Affirmance, February 4, 2010).

Appellant then filed the underlying complaint, alleging that respondents violated his civil rights during the proceedings on his 2007 habeas corpus petition. Because of this alleged violation, appellant asked

13-14429

that he be afforded the opportunity to file a successive habeas corpus petition. The district court dismissed appellant's complaint for failure to state a claim upon which relief can be granted, *see* NRCP 12(b)(5), and this appeal followed.[1]

"A district court order granting an NRCP 12(b)(5) motion to dismiss is subject to rigorous appellate review." *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). In reviewing the dismissal order, "[t]his court presumes all factual allegations in the complaint are true and draws all inferences in favor of the plaintiff. Dismissal is appropriate when it appears beyond a doubt that the plaintiff could prove no set of facts, which, if true, would entitle the plaintiff to relief." *Stubbs v. Strickland*, 129 Nev. ___, ___, 297 P.3d 326, 329 (2013) (quotation and citations omitted).

A review of appellant's complaint demonstrates that dismissal was proper. Appellant is seeking permission to file another habeas corpus petition, even though his previous petition was denied (and affirmed on appeal) on the ground that it was untimely. Presuming, as we must, that the factual allegations in appellant's complaint are true, these allegations do not provide a basis for ignoring NRS 34.726(1)'s timing restrictions and allowing appellant to file another habeas corpus petition. NRS 34.810(2)

---

[1]To the extent that appellant's complaint requested permanent injunctive relief, the district court was within its discretion to deny this request. *Chateau Vegas Wine, Inc. v. S. Wine & Spirits of Am., Inc.*, 127 Nev. ___, ___, 265 P.3d 680, 684 (2011) (reviewing such denials for an abuse of discretion).

and (3). Because appellant is not entitled to the relief that he seeks, dismissal of his complaint was proper, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta


cc:     Hon. Allan R. Earl, District Judge
        Ross Eric Barton
        Attorney General/Carson City
        Eighth District Court Clerk