# IN THE SUPREME COURT OF THE STATE OF NEVADA

VENETIAN MACAU LTD., A MACAU CORPORATION,

Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE MARK R. DENTON, DISTRICT JUDGE,

Respondents,

and

STEVEN C. JACOBS,

Real Party in Interest.

No. 69090

**FILED**

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING WRIT PETITION

This is an original petition for extraordinary relief challenging the striking of petitioner's peremptory challenge of a district court judge. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

The action underlying this proceeding is before District Judge Elizabeth Gonzalez, who has made numerous rulings on contested issues. Defendants below, Sands China and Las Vegas Sands, did not file a peremptory challenge of Judge Gonzalez. As the litigation proceeded, real party in interest (plaintiff below) filed a fifth amended complaint, adding petitioner, Venetian Macau, Ltd., as a defendant below. Instead of filing an answer to the complaint, petitioner filed a motion to dismiss the complaint, and then filed a peremptory challenge of Judge Gonzalez. Real party in interest filed a motion to strike the peremptory challenge, which was granted by District Judge Mark Denton on October 27, 2015. Petitioner then filed the instant writ petition.

On November 4, 2015, this court entered an order granting petitioner's emergency motion to stay the proceedings below as to

petitioner only. The order also directed real party in interest to file an answer to the writ petition. Instead of filing an answer, real party in interest filed a "Notice of Mootness," indicating that the instant writ petition is moot based on real party in interest's filing in the district court, on December 18, 2015, a notice pursuant to NRCP 41(a)(1), voluntarily dismissing petitioner from the proceedings below without prejudice.

Petitioner has filed a motion and amended motion to strike the notice of mootness, to submit the petition and grant the relief requested, or alternatively, to permit dismissal below with prejudice. Real party in interest opposes the motion and petitioner has filed a reply. Having considered the motion, amended motion, opposition, and reply, we deny it, and we order this original writ proceeding dismissed as moot and we lift the stay that was previously entered.[1] *See Fed. Sav. & Loan Ins. Corp. v. Moss*, 88 Nev. 256, 259, 495 P.2d 616, 618 (1972) (stating that in order to accomplish a voluntary dismissal pursuant to NRCP 41(a)(1), a plaintiff "need do no more than file a notice of dismissal with the Clerk," and that such a filing "is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court") (internal quotations omitted); *Commercial Space Mgmt. Co. v. The Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (interpreting the federal counterpart to NRCP 41(a)(1) and stating that a voluntary dismissal is "effective on filing" and "no court order is required"); *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (interpreting the federal counterpart to NRCP 41(a)(1) and stating that the filing of a notice of voluntary dismissal

---

[1]We decline to reach petitioner's request that the dismissal below be with prejudice.

"automatically terminates the action as to the defendants who are the subject of the notice"); *Nelson v. Heer*; 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) ("[F]ederal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules.").

Moreover, it appears that petitioner is barred from filing a peremptory challenge of Judge Gonzalez because defendants Sands China and Las Vegas Sands waived the right. *See* SCR 48.1(1) (providing that each *side* is entitled to one change of judge by peremptory challenge); SCR 48.1(5) ("A notice of peremptory challenge may not be filed against any judge who has made any ruling on a contested matter or commenced hearing any contested matter in the action").

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

---

[2]The Honorable Ron Parraguirre, Chief Justice, and the Honorable Kristina Pickering, Justice, have voluntarily recused themselves from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cc:    Hon. Mark R. Denton, District Judge
Carbajal & McNutt, LLP
Pisanelli Bice, PLLC
Eighth District Court Clerk