# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL S. PADDA, AN INDIVIDUAL; AND PAUL PADDA LAW, PLLC, A NEVADA PROFESSIONAL LIMITED LIABILITY COMPANY,
Appellants,
vs.
JOHN HENDRICK, AN INDIVIDUAL,
Respondent.

No. 78534



FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order awarding attorney fees and costs pursuant to NRS 41.670. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellants Paul Padda and Paul Padda Law, PLLC (Padda) filed a complaint against respondent John Hendrick for defamation, false light, and declaratory relief based on a negative review Hendrick posted online. In response, Hendrick filed an anti-SLAPP special motion to dismiss pursuant to NRS 41.660. One day later, Padda voluntarily dismissed the complaint without prejudice pursuant to NRCP 41(a)(1). Following the voluntary dismissal, Hendrick moved for attorney fees and costs under NRS 41.670(1). The district court granted the motion, finding that Hendrick was

20-14633

entitled to attorney fees and costs because he would have prevailed on the anti-SLAPP special motion to dismiss.[1]

Padda argues that the district court lacked authority under NRS 41.670(1) to award attorney fees and costs to Hendrick because the statute allows such an award only if the district court grants the anti-SLAPP motion. We agree.

NRS 41.670(1) allows a defendant to recover attorney fees and costs "[i]f the court grants a special motion to dismiss filed pursuant to NRS 41.660." We have previously analyzed this statutory language and concluded that it plainly conditions an award of attorney fees and costs on the district court's grant of a special motion to dismiss. *Stubbs v. Strickland*, 129 Nev. 146, 151, 297 P.3d 326, 329 (2013). Because a voluntary dismissal under NRCP 41(a)(1) closes a case, the district court does not have jurisdiction to consider the merits of and grant an anti-SLAPP special motion to dismiss after notice of the voluntary dismissal has been filed. *See Harvey L. Lerer, Inc. v. Eighth Judicial Dist. Court*, 111 Nev. 1165, 1170, 901 P.2d 643, 646 (1995); *see also Stubbs*, 129 Nev. at 151, 297 P.3d at 329 ("After a plaintiff files a notice of voluntary dismissal, the file is closed and a defendant may not revive the action."). Accordingly, "when the plaintiff voluntarily dismisses the alleged SLAPP suit before a special motion to dismiss is . . . granted," the plain language of NRS 41.670(1) does

---

[1]Hendrick's motion also sought sanctions and attorney fees and costs under NRS 7.085. The district court denied the motion under NRS 7.085, and that decision is not challenged in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

not permit the district court to award attorney fees and costs to the defendant. *Stubbs*, 129 Nev. at 152, 297 P.3d at 329.

Here, Padda voluntarily dismissed the complaint before the district court ruled on Hendrick's special motion to dismiss. Therefore, we conclude that the district court did not have authority to award Hendrick attorney fees and costs under NRS 41.670(1).

Hendrick argues that interpreting NRS 41.670(1) to allow for attorney fees and costs only when an anti-SLAPP motion is granted violates the public policy behind Nevada's anti-SLAPP statutes, as it would allow a plaintiff to file a SLAPP suit, force a defendant to expend time and money in defending against the suit, and then permit the plaintiff to voluntarily dismiss the complaint with impunity. Hendrick asserts that, under California anti-SLAPP law, which he urges this court to follow due to its similarity in purpose and language to Nevada's anti-SLAPP law, courts retain limited jurisdiction to consider the merits of an anti-SLAPP motion after a voluntary dismissal for the purpose of awarding attorney fees to the prevailing party.

While it is true that this court has looked to California's anti-SLAPP jurisprudence for guidance where California's and Nevada's anti-SLAPP statutes are similar in both purpose and language, *see Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019), California's jurisprudence is not relevant where California's anti-SLAPP law differs from Nevada's, as it does here. California's anti-SLAPP statute allows for an award of attorney fees to "a prevailing defendant on a special motion to strike." Cal. Civ. Proc. Code § 425.16(c)(1). Unlike Nevada's, California's statute does not require that an anti-SLAPP motion be granted before the defendant can

SUPREME COURT
OF
NEVADA

(O) 1947A

be awarded attorney fees. Rather, a defendant is entitled to attorney fees if he or she would have been the "prevailing" party on the anti-SLAPP motion, regardless of whether the case was voluntarily dismissed before the anti-SLAPP motion could be granted. *See Moore v. Liu*, 81 Cal. Rptr. 2d 807, 811 (Ct. App. 1999); *Coltrain v. Shewalter*, 77 Cal. Rptr. 2d 600, 608 (Ct. App. 1998). Hendrick's contention that he was entitled to attorney fees as the "prevailing defendant" ignores the plain language of NRS 41.670(1), which conditions attorney fees on the grant of the anti-SLAPP motion, not on whether the defendant would have been the prevailing party. *See Delucchi v. Songer*, 133 Nev. 290, 297, 396 P.3d 826, 831 (2017) ("When the language of a statute is unambiguous, this court will give that language its plain and ordinary meaning and not go beyond it.").

In light of the clear differences in the statutory language, we conclude that California's interpretation of its statutory attorney-fees provision has no bearing on Nevada's. As our prior decision in *Stubbs* makes clear, the plain language of NRS 41.670(1) requires an anti-SLAPP motion to be granted before attorney fees and costs may be awarded under the statute.[2] Because the complaint was dismissed before the district court ruled on the anti-SLAPP motion, Hendrick was not entitled to attorney fees

---

[2]Hendrick contends that *Stubbs* is distinguishable because it involved a situation in which the complaint was voluntarily dismissed *before* an anti-SLAPP motion was filed and thus the defendant had not incurred identifiable legal fees, whereas here the complaint was dismissed *after* the anti-SLAPP motion was filed and legal fees were incurred. While Hendrick's characterization of *Stubbs* is correct, this does not alter our conclusion that the plain language of NRS 41.670(1) requires an anti-SLAPP motion to be granted, not merely filed.

under NRS 41.670(1). In this, we are constrained by the plain language of NRS 41.670(1). *See Beazer Homes Nev. Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 578 n.4, 97 P.3d 1132, 1134 n.4 (2004) ("When a statute is clear, unambiguous, not in conflict with other statutes and is constitutional, the judicial branch may not refuse to enforce the statute on public policy grounds. That decision is within the sole purview of the legislative branch."); *see also Holiday Ret. Corp. v. State of Nev., Div. of Indus. Relations*, 128 Nev. 150, 154, 274 P.3d 759, 761 (2012) ("It is the prerogative of the Legislature, not this court, to change or rewrite a statute.").

Hendrick makes several additional arguments as to why this court should affirm the award of attorney fees and costs. First, he argues that Padda's voluntary dismissal did not preclude the district court from granting the anti-SLAPP motion and awarding attorney fees. Hendrick contends that the district court was obligated to rule on the anti-SLAPP motion within a certain time after it was served, *see* NRS 41.660(3)(f), and thus the anti-SLAPP statute operates as an exception to automatic dismissal of a case under NRCP 41(a)(1) (stating that a dismissal without a court order is "[s]ubject to the provisions of Rule 23(e), of Rule 66, and of any statute.").[3] Hendrick's contention that NRS 41.660 provides an exception to a voluntary dismissal without a court order is unavailing. The

---

[3]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *See In re Creating a Committee to Update and Revise the Nevada Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). This order applies the pre-amendment versions of NRCP 41(a)(1) and the rules cited therein, as they were in effect at the time the notice of voluntary dismissal was filed.

rules cited in NRCP 41(a)(1) as exceptions to a voluntary dismissal without a court order specifically require a court order for dismissal, *see* NRCP 23 (class action); NRCP 66 (receiver), which is not a requirement under the anti-SLAPP statutes, *see generally* NRS 41.660.

Hendrick alternatively argues that NRCP 41(a)(1) allows for a voluntary dismissal only "upon repayment of defendants' filing fees," and, because Padda did not pay Hendrick's filing fees until after the district court held hearings on the anti-SLAPP motion and orally pronounced its decision to award attorney fees and costs, the voluntary dismissal did not become effective until after the district court ruled on the anti-SLAPP motion. Hendrick never made this argument below to the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). Furthermore, his argument lacks merit, as we have held that a plaintiff "need do no more than file a *notice* of dismissal with the Clerk" for the case to be effectively dismissed. *Lerer*, 111 Nev. at 1170, 901 P.2d at 646 (internal quotation marks omitted).

For the foregoing reasons, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Kathleen E. Delaney, District Judge
Michael H. Singer, Settlement Judge
Holland & Hart LLP/Las Vegas
DeVoy Law P.C.
Law Office of Vernon L. Bailey
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A