# IN THE SUPREME COURT OF THE STATE OF NEVADA

VINCENT HESSER, AN INDIVIDUAL,
Appellant/Cross-Respondent,
vs.
HAROLD P. GEWERTER, AN
INDIVIDUAL; AND HAROLD P.
GEWERTER, ESQ., LTD., A NEVADA
DOMESTIC PROFESSIONAL
CORPORATION,
Respondents/Cross-Appellants.

No. 81412

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal and cross-appeal from a post-judgment order awarding costs and denying a motion for attorney fees in a contract dispute. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

Respondents/cross-appellants attorney Harold P. Gewerter and his law firm (collectively, Gewerter) represented appellant/cross-respondent Vincent Hesser and his businesses for several years. After their relationship ended, Hesser sued Gewerter, seeking return of $750,000 (the Funds) he had previously assigned to him. The district court found the Funds were prepaid legal fees, which Gewerter earned, and this court affirmed. *Hesser v. Gewerter*, No. 80057, 2021 WL 1531151 (Nev. Apr. 16, 2021) (Order of Affirmance). The district court denied Gewerter's post-judgment motion for attorney fees and awarded Gewerter only a portion of his requested costs. Specifically, the district court awarded Gewerter $20,000 in expert witness fees and $5670.75 in other costs. Hesser appeals, challenging the amount of expert fees awarded. Gewerter cross-appeals, challenging the district court's denial of attorney fees and the amount of expert fees and costs awarded.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-05363

Addressing the expert witness fee award first, Hesser argues that the district court abused its discretion in awarding Gewerter expert witness fees of $20,000 because the district court did not adequately explain its reason for awarding more than the $1500 allowed by NRS 18.005(5). *See Logan v. Abe*, 131 Nev. 260, 267, 350 P.3d 1139, 1144 (2015) (reviewing a district court award of expert witness fees for an abuse of discretion). Gewerter argues that the district court properly considered the relevant factors but abused its discretion in not awarding the full amount of the expert fees requested. We disagree with both parties. The district court found that the expert's work was thorough and helpful to the court but also found that his fee was more than what was appropriate for the case. *See Frazier v. Drake*, 131 Nev. 632, 650-51, 357 P.3d 365, 377-78 (Ct. App. 2015) (listing factors the court should consider when determining whether to award more than $1500 under NRS 18.005(5)). The district court also provided further insight into the bases for its decision at the hearing on the matter, demonstrating that it thoroughly considered the relevant factors, including "the importance of the expert's testimony to [Gewerter,] the degree to which the expert's opinion aided the trier of fact in deciding the case[,] the extent and nature of the work performed by the expert," and the reasonableness of the expert's fees. *Id.* Although the district court could have elaborated on its analysis in its written order, *see Capanna v. Orth*, 134 Nev. 888, 896-97, 432 P.3d 726, 735 (2018), we discern no abuse of discretion in the district court's expert fee award.

Gewerter next argues that the district court abused its discretion when it only awarded a portion of the requested costs pursuant to NRS 18.020. *See Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120, 345 P.3d 1049, 1054 (2015) (reviewing a district court's award of costs for an abuse of discretion). The district court found that Gewerter was not entitled to recover many of his requested costs because he failed to satisfy

the *Cadle* standards. *See id.* at 120-21, 345 P.3d at 1054 (explaining that, for costs to be recoverable, the moving party must demonstrate that the requested costs were "reasonable, necessary and actually incurred"). We agree and conclude that the district court did not abuse its discretion when it only awarded Gewerter costs for court reporter and process server fees, as those are the only costs Gewerter provided "evidence enabling the court to determine that those costs were reasonable and necessary." *Id.* at 121, 345 P.3d at 1054. Because Gewerter failed to demonstrate that the remaining claimed costs were necessary or actually incurred, the district court did not abuse its discretion in its award of costs to Gewerter. *See id.* ("'[J]ustifying documentation' must mean something more than a memorandum of costs.").

Lastly, Gewerter argues that the district court abused its discretion in denying the motion for attorney fees because both Hesser and his counsel knew that Hesser's case was frivolous and brought without reasonable grounds. *See Stubbs v. Strickland*, 129 Nev. 146, 152-53, 297 P.3d 326, 330 (2013) (reviewing an order refusing to award attorney fees for an abuse of discretion). Gewerter sought attorney fees pursuant to NRS 18.010(2)(b) (authorizing the district court to award attorney fees to a prevailing party "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party"), NRCP 11(c) (providing for sanctions for filing a frivolous claim), and NRS 7.085(1) (allowing an attorney to be personally liable for attorney fees for bringing or maintaining an action "not well-grounded in fact or . . . not warranted by existing law"). Having considered the record and the parties' arguments, we are satisfied that the district court properly "examine[d] the actual circumstances surrounding the case to determine" whether Hesser's claims were brought or maintained without a reasonable basis. *Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993) (explaining the

analysis a district court must conduct to determine whether a claim was frivolous for purposes of awarding attorney fees), *superseded by statute on different grounds as stated in In re DISH Network Derivative Litig.*, 133 Nev. 438, 401 P.3d 1081 (2017). And, because the record contains substantial evidence supporting the district court's finding that Hesser's claims were not frivolous, we conclude that the district court did not abuse its discretion in denying Gewerter's request for attorney fees on this basis. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) ("The district court's factual findings . . . will be upheld if not clearly erroneous and if supported by substantial evidence."). For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Hardesty                                              Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Department 11, Eighth Judicial District Court
        Ara H. Shirinian, Settlement Judge
        Law Offices of Byron Thomas
        Harold P. Gewerter, Esq., Ltd.
        Christopher M. Young, PC
        Robert E. Glennen, III
        Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A