**138 Nev., Advance Opinion 19**

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARSHAL S. WILLICK; AND WILLICK LAW GROUP,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE NANCY A. BECKER, SENIOR JUDGE,
Respondents,
    and
STEVE W. SANSON; AND VETERANS IN POLITICS INTERNATIONAL, INC.,
Real Parties in Interest.

No. 82524



FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus and prohibition challenging a district court order vacating a notice of voluntary dismissal.

*Petition denied.*

Brownstein Hyatt Farber Schreck, LLP, and Mitchell J. Langberg; Abrams & Mayo Law Firm and Jennifer V. Abrams, Las Vegas,
for Petitioners.

McLetchie Law and Margaret A. McLetchie, Las Vegas,
for Real Parties in Interest.

_____

BEFORE THE SUPREME COURT, EN BANC.[1]

_____

[1]The Honorable Elissa F. Cadish, the Honorable Abbi Silver, and the Honorable Kristina Pickering, Justices, did not participate in the decision of this matter.

22-10007

*OPINION*

By the Court, HARDESTY, J.:

In this opinion, we address as a matter of first impression whether district courts in Nevada have jurisdiction to vacate a plaintiff's notice of voluntary dismissal in a defamation action in which an anti-SLAPP motion has been filed, denied, appealed, and remanded back to the district court. Without creating a rule that would determine this issue in all instances, we determine that the district court did not err in vacating petitioners' notice of voluntary dismissal in this instance because the litigation had reached an advanced stage.

## FACTS AND PROCEDURAL HISTORY

Petitioners Marshal S. Willick and Willick Law Group (collectively, Willick) filed a complaint against respondents Steve Sanson and Veterans in Politics International, Inc. (collectively, Sanson), alleging that they made defamatory statements against Willick online. In response, Sanson filed a special motion to dismiss the action pursuant to Nevada's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, NRS 41.660. The district court denied Sanson's motion on step one of Nevada's two-step anti-SLAPP analysis, determining that Sanson failed to meet his burden of demonstrating that the statements he published concerned an issue of public interest and were made in good faith. Sanson appealed. This court reversed the district court's order and remanded the matter, concluding that Sanson in fact had met his burden under step one of the anti-SLAPP analysis and directing the district court to consider whether Willick could meet his burden of demonstrating a probability of prevailing on his claims, which is step two of the court's analysis. *Veterans in Politics*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Int'l, Inc. v. Willick*, No. 72778, 2020 WL 891152 (Nev. Feb. 21, 2020) (Order Reversing and Remanding).

On remand to the district court, the parties entered mediation, stipulating that if mediation failed, the parties would submit briefing on step two of the anti-SLAPP analysis. Mediation failed, but soon thereafter and before the district court rendered a determination on step two of the anti-SLAPP motion, Willick filed a notice to voluntarily dismiss his complaint under NRCP 41(a)(1)(A)(i). The district court vacated the notice, reasoning that (1) an anti-SLAPP motion triggers the summary judgment exception to a plaintiff's right to voluntarily dismiss the case under NRCP 41(a)(1)(A)(i), and (2) a plaintiff cannot voluntarily dismiss the case after the proceedings reached an advanced stage. Willick filed this petition for a writ of mandamus and prohibition, asking us to vacate the district court's order.

## DISCUSSION

*We exercise our discretion to entertain Willick's petition*

The decision to issue a writ of mandamus or prohibition is discretionary. *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev. 369, 373, 399 P.3d 334, 340-41 (2017). "Writ relief is an extraordinary remedy that is only available if a petitioner does not have 'a plain, speedy and adequate remedy in the ordinary course of law.'" *In re Raggio Family Tr.*, 136 Nev. 172, 175, 460 P.3d 969, 972 (2020) (quoting NRS 34.330); *see* NRS 34.170. The right to an appeal is generally an adequate legal remedy, and where, as here, "an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from the final judgment generally precludes writ relief." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 225, 88 P.3d 840, 841 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

Nevertheless, we have elected to consider petitions challenging interlocutory orders where "the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law," *Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010), and "where the petition presents a matter of first impression and considerations of judicial economy support its review," *Dekker/Perich/Sabatini Ltd. v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 53, 495 P.3d 519, 522 (2021). Here, Willick's writ petition raises an important and unsettled issue of law—whether an anti-SLAPP motion is equivalent to a summary judgment motion within the meaning of NRCP 41(a)(1)(A)(i) so as to preclude the voluntary dismissal of a complaint. We therefore exercise our discretion to entertain Willick's petition.

*The district court did not err in vacating Willick's notice to voluntarily dismiss his action at an advanced stage of litigation*

"[W]e review questions of law . . . de novo, even in the context of writ petitions." *Helfstein v. Eighth Judicial Dist. Court*, 131 Nev. 909, 913, 362 P.3d 91, 94 (2015). Nevada Rule of Civil Procedure 41(a) governs voluntary dismissals. It provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement." NRCP 41(a)(1)(A)(i). At the outset, we are not persuaded by the district court's reasoning, nor by Sanson's arguments in support of the district court's reasoning, that an anti-SLAPP motion is the functional equivalent of a motion for summary judgment under NRCP 41(a)(1)(A)(i). This court has never recognized such an interpretation, and we decline to do so now.[2] *See*

---

[2]Although Sanson also argues waiver, Willick argues that he did not waive his right to voluntarily dismiss his action by stipulation. We agree.

*Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 586, 473 P.3d 1034, 1036 (2020) ("When reviewing de novo, we will interpret a statute or regulation by its plain meaning unless the statute or regulation is ambiguous, the plain meaning would provide an absurd result, or the interpretation clearly was not intended." (citations and internal quotation marks omitted)).

This court has, however, on one occasion, determined that a notice of voluntary dismissal was ineffective "because it was filed at an advanced stage of the proceedings." *In re Petition of Phillip A.C.*, 122 Nev. 1284, 1290, 149 P.3d 51, 55 (2006). Recognizing that "federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules," we looked at the United States Court of Appeals for the Second Circuit's application of the advanced-stage exception to FRCP 41(a), the federal counterpart to NRCP 41(a). *Id.* (internal quotation marks omitted); *see also Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 107-08 (2d Cir. 1953). Persuaded by the Second Circuit's reasoning, we applied it to NRCP 41(a) and the facts presented to us and concluded that the voluntary dismissal was ineffective. *Phillip A.C.*, 122 Nev. at 1290-91, 149 P.3d at 55-56. Specifically, a petitioner attempted to voluntarily dismiss a petition to invalidate an adoption pursuant to NRCP 41(a)(1)(A)(i) "three months after the district

---

"Stipulations should . . . generally be read according to their plain words unless those words are ambiguous, in which case the task becomes to identify and effectuate the objective intention of the parties." *DeChambeau v. Balkenbush*, 134 Nev. 625, 628, 431 P.3d 359, 361-62 (Ct. App. 2018). Here, the stipulation is clear. The parties agreed to mediation and, in the event the case was not resolved, to submit briefing on the second prong of the anti-SLAPP motion. The stipulation contains no reference to NRCP 41(a)(1)(A)(i), and nowhere did Willick waive his right to voluntarily dismiss under it.

court had already held a hearing on the [petitioner]'s motion to intervene and to invalidate the adoption. . . . [T]he merits of the [petitioner]'s motion were raised by the parties and addressed and decided by the district court." *Id.* at 1290-91, 149 P.3d at 56.

Similarly, in *Harvey Aluminum*, the Second Circuit reversed a lower court's refusal to vacate a voluntary dismissal pursuant to FRCP 41(a)(1). 203 F.2d at 108. The court found that because the lower court had conducted a hearing on the controversy that "required several days of argument and testimony" and "the merits of the controversy [had been] squarely raised," voluntarily dismissing the controversy pursuant to FRCP 41(a)(1) "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Id.* at 107-08.

*Harvey Aluminum* has since engendered controversy in other federal circuit courts and has for the most part been limited to its "extreme" facts. *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (holding "that at least in cases falling short of the extreme exemplified by *Harvey Aluminum*, notices of dismissal filed in conformance with the explicit requirements of [former] Rule 41(a)(1)(i) are not subject to vacatur"); *accord In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 n.10 (3d Cir. 2008) (declining to reach the issue but acknowledging that circumstances sometimes "warrant[] a departure from the literal text" of FRCP 41(a)(1)(A)(i)); *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 864 (8th Cir. 1990) ("There may be rare cases with extreme circumstances in which a district court enters a judgment on the merits at an early stage of the proceedings . . . in which the use of Rule 41(a)(1) is foreclosed."); *Univ. Cent. del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 19 (1st Cir.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

1985) ("[T]he facts of this case clearly fall short of *Harvey Aluminum*."). The United States Court of Appeals for the Ninth Circuit has explicitly determined that FRCP 41(a)(1)(A)(i) "does not authorize a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal." *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1112 (9th Cir. 1999).

However, even the more skeptical of federal circuits have acknowledged that "[a]dmittedly, one can question the wisdom of allowing a party, through adroit lawyering, to dismiss a case in order to avoid an unfavorable decision on the merits after the court has considered the evidence," and many circuits view the advanced-stage exception as a form of equitable remedy. *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993); *see Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 143 (7th Cir. 1978) (finding no "exceptional equitable considerations" to warrant reversal of FRCP 41(a)(1) voluntary dismissal); *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975) (same). For its part, the Second Circuit, though critical of its previous ruling in *Harvey Aluminum*, allows its district courts to apply the exception in limited circumstances. *See, e.g., Century Sur. Co. v. Vas & Sons Corp.*, No. 17-CV-5392 (DLI) (RLM), 2018 WL 4804656, at *3-4 (E.D.N.Y. Sept. 30, 2018); *Poparic v. Jugo Shop*, No. 08-CV-2081 (KAM) (JO), 2010 WL 1260598, at *6 (E.D.N.Y. Mar. 31, 2010); *Grass v. Citibank, N.A.*, 90 F.R.D. 79, 80 (S.D.N.Y. 1981) (considering, in addition to the length of the underlying hearing and the prior consideration of the case's merits, the extensive effort expended by the defendant and the conduct of the plaintiff).

In sum, a close reading of *Harvey Aluminum*'s treatment in the federal circuits that have addressed it reveals a long-running tension

SUPREME COURT
OF
NEVADA

(O) 1947A

7

between an unwillingness to weaken the rule with exceptions, while protecting the rule's purpose "to limit the right of dismissal to an early stage of the proceedings, thereby curbing the abuse of the right [to voluntarily dismiss]." *Littman v. Bache & Co.*, 252 F.2d 479, 480 (2d Cir. 1958). Or in other words, "to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).[3]

Our purpose here is not to weaken the analogous NRCP 41(a)(1)(A)(i). Rather, in carefully weighing the factors considered in *Phillip A.C.*, and in comparing factual circumstances in similar cases from other courts, we have determined that estopping Willick from voluntarily dismissing his case serves NRCP 41(a)(1)(A)(i)'s essential purpose in this instance. Like the plaintiffs in *Phillip A.C.*, Willick waited a long time—four years—before filing his notice of voluntary dismissal. Further, he filed this notice only after this court reversed a district court order favorable to

---

[3]This tension is vivid within the Second Circuit itself, which, perhaps in overcorrecting its earlier emphasis on the defendant's interests in *Harvey Aluminum*, ruled that a plaintiff's right under FRCP 41(a)(1) was so absolute that district courts could not even retain jurisdiction for the collateral, nonmerits issue of FRCP 11 sanctions. *See Johnson Chem. Co. v. Home Care Prods., Inc.*, 823 F.2d 28, 30 (2d Cir. 1987) (noting the circuit's "cool reception" to *Harvey Aluminum* (internal quotation marks omitted)), *abrogated by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). The United States Supreme Court overruled the Second Circuit's narrow, pro-plaintiff interpretation, reminding courts that the rule was intended to restrict plaintiffs' traditionally "expansive control over their suits [by] . . . allow[ing] a plaintiff to dismiss an action without" court order and without prejudice "only during the brief period before the defendant had made a significant commitment of time and money." *Cooter*, 496 U.S. at 394-95, 397. Implicitly then, the Supreme Court noted a positive correlation between the length of a case measured in time and the aspect of FRCP 41(a)(1)(A)(i)'s purpose that seeks to protect defendants. *See id.*

his case. and one day after a failed mediation attempt. These events themselves happened after a hearing on the anti-SLAPP motion. By now, the merits of the anti-SLAPP motion's first prong have been thoroughly raised, determined, appealed, reviewed de novo, and remanded. Now, Willick and Sanson await the district court's determination on the motion's second prong.[4]

"Nevada's anti-SLAPP statutes aim to protect First Amendment rights by providing defendants with a procedural mechanism to dismiss 'meritless lawsuit[s] that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights' before incurring the costs of litigation." *Coker v. Sassone*, 135 Nev. 8, 10, 432 P.3d 746, 748 (2019) (alteration in original) (quoting *Stubbs v. Strickland*, 129 Nev. 146, 150, 297 P.3d 326, 329 (2013)); *Stubbs*, 129 Nev. at 151, 297 P.3d at 329 (explaining that an anti-SLAPP motion "allows the district court to evaluate the merits of the alleged SLAPP claim"). Here, at this point in the proceedings, Sanson has no doubt incurred litigation costs. Given these unique and extreme circumstances, we conclude that Willick is estopped from dismissing his action with no consequences, as the litigation has reached an advanced stage after four years and a prior de novo appeal. Therefore, we conclude that the district court did not manifestly abuse its discretion by, or lack jurisdiction when, vacating petitioners' notice of

---

[4]Given the scarcity of the petitioners' appendix on appeal, we focus our determination on the unique posture of this case's length as well as the appeal. However, this court recognizes that other factors, such as the length of discovery, length of hearings on substantive issues, and the extent to which the merits of a case have been raised, are all important in considering this rare equitable advanced stage exception to the strict application of NRCP 41(a)(1)(A)(i).

voluntary dismissal. For these reasons, we deny Willick's petition for a writ of mandamus and prohibition.

_____ , J.
Hardesty

We concur:

_____ , C.J.
Parraguirre

_____ , J.
Stiglich

_____ , J.
Herndon