[No. S127513. July 31, 2006.]

S. B. BEACH PROPERTIES et al., Plaintiffs and Respondents, v. RICHARD A. BERTI et al., Defendants and Appellants.

## Counsel

Davis Wright Tremaine, Kelli L. Sager, Sonja R. West, Gary L. Bostwick, Rochelle L. Wilcox; Foley & Bezek, Peter J. Bezek and Robert A. Curtis for Defendants and Appellants.

Davis Wright Tremaine, Thomas R. Burke and Kavita Amar for Sierra Club as Amicus Curiae on behalf of Defendants and Appellants.

Levy, Ram & Olson, Karl Olson; Karlene W. Goller; Jonathan Donnellan; Thomas W. Newton; Harold W. Fuson, Jr.; Stephen J. Burns; David McCraw; and David Greene for California Newspaper Publishers Association, Los Angeles Times, Hearst Communications, Inc., The Copley Press, Inc., McClatchy Newspapers, Inc., New York Times Company, California First Amendment Coalition and First Amendment Project as Amici Curiae on behalf of Defendants and Appellants.

Cappello & Noel, A. Barry Cappello, Troy A. Thielemann, Wendy D. Welkom and Christoph T. Nettesheim for Plaintiff and Respondent S. B. Beach Properties.

Grokenberger & Smith, David W. Grokenberger and W. Bradley Thomas for Plaintiffs and Respondents William J. Levy and Roy J. Millender, Jr.

Thelen Reid & Priest, Daven G. Lowhurst, Patrick M. Ryan and Chad DeVeaux for Richard Lamm as Amicus Curiae on behalf of Plaintiffs and Respondents.

**OPINION**

**CORRIGAN, J.**—A strategic lawsuit against public participation (SLAPP) is subject to a special motion to strike (anti-SLAPP motion), under Code of Civil Procedure section 425.16 (anti-SLAPP statute).[1] A defendant who is the "prevailing [party] on" such a motion is "entitled to recover his or her attorney's fees and costs." (§ 425.16, subd. (c).) Here, plaintiffs voluntarily dismissed their entire action without prejudice *before* defendants attempted to file an anti-SLAPP motion. As a result, we conclude that defendants may not recover their attorney fees and costs pursuant to section 425.16, subdivision (c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, S. B. Beach Properties is a limited partnership, with plaintiffs William J. Levy and Roy J. Millender, Jr. serving as general partners. Defendants Richard A. Berti, Marguerite A. Berti, and Ilene Bruckner are limited partners.

On January 2, 2003, plaintiffs sued defendants, alleging breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. Plaintiffs alleged that the partnership was seeking approval to

---

[1] All further statutory references are to the Code of Civil Procedure.

develop partnership property in Santa Barbara, and that defendants opposed these plans and unreasonably demanded audits of the partnership records.

On January 21, defendants answered, asserting as an affirmative defense, that the complaint was "a strategic lawsuit against public participation" and subject to section 425.16.

On February 11, defendants filed an ex parte motion to increase the page limitation on the anti-SLAPP motion they planned to file. On February 20, plaintiffs voluntarily dismissed their entire complaint without prejudice.

The next day, defendants sought to file an anti-SLAPP motion, including a notice of a request for attorney fees and costs. The clerk initially accepted the motion but refused to calendar a hearing because plaintiffs had already dismissed the action. Later that afternoon, defendants tried to file additional supporting documents, but the clerk refused to accept them for the same reason.

On March 11, defendants filed a motion to recover attorney fees and costs under sections 425.16, subdivision (c) and 1033.5, subdivision (a)(10). The motion was denied. The trial court ruled, "[o]nce the case was dismissed the [anti-SLAPP] statute does not give the Court the right to make the decisions necessary to award fees. If the Legislature wanted fees to be awarded, post dismissal, it would be a simple matter to give appropriate directions to trial courts as to the guidelines we should follow. Absent such directions we have neither the authority nor any wish to invent them." The court also analogized the fee request to a motion for sanctions under section 128.7. Citing *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967 [131 Cal.Rptr.2d 296], the court concluded that the availability of a fee award under the anti-SLAPP statute, like the availability of sanctions under section 128.7, "depends upon whether the . . . motion was filed before or after dismissal." The court concluded that awarding fees in this case "would inevitably open the door to judicial intervention, after dismissal, in virtually any case that might possibly be related to the interests sought to be protected."

The Court of Appeal reversed, relying on cases holding that "a dismissal of the complaint after the anti-SLAPP motion is filed, but prior to a hearing on the motion, does not deprive the court of jurisdiction" to award attorney fees and costs under section 425.16, subdivision (c). According to the appellate court, "[i]f a dismissal prior to the hearing on the motion does not deprive the court of jurisdiction, there is no reason why a dismissal prior to filing the motion should." It further observed that "[t]he filing and service of a complaint demanding substantial damages can inhibit participation in matters of public significance." Thus "[t]he purpose of the anti-SLAPP statute will

not be achieved if an offending plaintiff can avoid sanctions simply by dismissing his complaint before the defendant files his motion."

## II.  DISCUSSION OF SECTION 425.16, SUBDIVISION (c)

█ Under section 425.16, subdivision (c), "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal.Rptr.2d 377, 17 P.3d 735].) Here, however, plaintiffs voluntarily dismissed their action pursuant to section 581 *before* defendants filed an anti-SLAPP motion. Defendants maintain they may still recover their attorney fees and costs. We conclude to the contrary. Defendants who fail to file an anti-SLAPP motion before the voluntary dismissal of all causes of actions against them cannot recover fees or costs under section 425.16, subdivision (c).

Section 425.16, subdivision (b)(1) provides: "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Section 425.16, subdivision (c) then states that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

█ In construing any statute, we first look to its language. (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977 [90 Cal.Rptr.2d 260, 987 P.2d 727].) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) "If the language permits more than one reasonable interpretation, however, the court looks 'to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.]" (*Wilcox v. Birtwhistle*, at p. 977.)

Under section 425.16, subdivision (c), only a "*prevailing defendant on a special motion to strike*" may recover attorney fees and costs. (Italics added.) This statutory language is unambiguous, and makes the filing of a viable anti-SLAPP motion a prerequisite to recovering any fees and costs. As a matter of logic, a defendant must file a special motion to strike in order to prevail on one.

■ Here, defendants failed to do so before plaintiffs' voluntary dismissal. A section 581 dismissal "is available to [a] plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately." (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].) "The entry is a ministerial, not a judicial, act, and no appeal lies therefrom." (*Ibid.*) Once plaintiffs dismissed their action no lawsuit existed for defendants to move against pursuant to section 425.16, subdivision (c).

Defendants nonetheless maintain that the trial court retained authority to resolve their fees and costs motion. They correctly note that a voluntary dismissal under section 581 does not deprive the trial court of jurisdiction over "collateral statutory rights," including "the right to statutory costs and attorneys fees . . . ." (*Frank Annino & Sons Construction, Inc. v. McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353, 357 [263 Cal.Rptr. 592].) This general rule does not assist defendants here. The general rule does not apply because defendants' particular request is based on a claimed entitlement arising from their success on a motion they did not file.

Legislative history buttresses this conclusion. In enacting the anti-SLAPP statute, the Legislature adopted a balanced approach to end SLAPP suits at an early stage while not jeopardizing meritorious actions. (*Gallagher v. Connell* (2004) 123 Cal.App.4th 1260, 1269 [20 Cal.Rptr.3d 673].) The Legislature originally passed an anti-SLAPP bill that "contained a 'pleading hurdle' which prohibited a person from pleading a SLAPP suit cause of action until a court granted leave to do so after demonstration of a 'substantial probability' of success on the merits." (Assem. Subcom. on Admin. of Justice, Analysis of Sen. Bill No. 1264 (1991–1992 Reg. Sess.) as amended Mar. 26, 1992, p. 4.) The Governor vetoed this bill. The Legislature then passed Senate Bill No. 1264, which became section 425.16.

Unlike the previous enactment, Senate Bill No. 1264 gave plaintiffs an "unencumbered opportunity to make SLAPP suit allegations, prior to the motion to strike hearing." (Assem. Subcom. on the Administration of Justice, Analysis of Sen. Bill No. 1264, *supra*, p. 4.) In passing the new bill, the Legislature acknowledged that "defendants will be forced to incur defense costs, and related expenses and difficulties, prior to invoking the relief afforded." (*Ibid.*) "This movement—from a 'pleading hurdle' to a *mandatory* special motion to strike—was made at the request of the State Bar's Committee on the Administration of Justice (Committee), which is concerned that a 'pleading hurdle' may violate a plaintiff's constitutional right to a jury trial. The Committee is more comfortable with the 'motion to strike' approach, which permits the plaintiff some opportunity to conduct discovery

while preserving the ability of the defendant to dismiss the lawsuit at an early, and, perhaps, inexpensive stage." (*Ibid.*, italics added.)

Thus, the Legislature "establish[ed] a special procedure. It [gave] the defendant the right to file a 'special motion to strike' the claim." (Cal. Dept. of Consumer Affairs, Enrolled Bill Rep. on Sen. Bill No. 1264 (1991–1992 Reg. Sess.) prepared for Governor Pete Wilson Aug. 25, 1992, p. 3.) And only "[d]efendants who *prevail on the motion to strike* are entitled to attorney's fees and costs." (*Ibid.*, italics added.) Consistent with this understanding, the fee "provision applies only to the motion to strike, and not to the entire action." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1264 (1991–1992 Reg. Sess.) as introduced Jan. 6, 1992, p. 5; see also *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1384 [46 Cal.Rptr.2d 542].)

Using a "motion to strike" approach, rather than a "pleading hurdle," the Legislature made the filing of a viable anti-SLAPP motion a necessary trigger for both an imposed judgment of dismissal and an award of fees and costs. Where, as here, defendants never filed such a motion, they cannot recover under section 425.16, subdivision (c).

Defendants cite many cases upholding an award of attorney fees and costs pursuant to section 425.16, subdivision (c) notwithstanding the voluntary dismissal of the action. None are apposite here. In each, the plaintiff voluntarily dismissed the action after the defendant filed an anti-SLAPP motion.[2]

---

[2] See *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 218 [123 Cal.Rptr.2d 647] ("a defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees . . . even if the matter has been dismissed prior to the hearing on that motion"); *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 908, fn. 4 [84 Cal.Rptr.2d 303] ("the parties agree that even if plaintiff's voluntary dismissal is valid, the trial court retained jurisdiction to award defendant attorney's fees pursuant to a section 425.16 motion filed before plaintiff dismissed the case"); *Liu v. Moore* (1999) 69 Cal.App.4th 745, 751 [81 Cal.Rptr.2d 807] ("We hold that a defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs under subdivision (c) of that section"); *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 107 [77 Cal.Rptr.2d 600] ("where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)"); *Ecash Technologies, Inc. v. Guagliardo* (C.D.Cal. 2000) 127 F.Supp.2d 1069, 1083–1084 (awarding attorney fees and costs pursuant to section 425.16 even though the plaintiff voluntarily dismissed the action after the defendants filed an anti-SLAPP motion); see also *Moraga-Orinda Fire Protection Dist. v. Weir* (2004) 115 Cal.App.4th 477, 480 [10 Cal.Rptr.3d 13] ("resolution of the underlying action [on the ground of lack of standing] does not moot a fee request under the SLAPP statute"); *White v. Lieberman* (2002) 103 Cal.App.4th 210, 220–221 [126 Cal.Rptr.2d 608] (allowing award of attorney fees

The legislative mandate to construe the anti-SLAPP statute "broadly" does not compel a different conclusion. (§ 425.16, subd. (a).) Even when broadly construing a statute, we may not "ignore the plain statutory language" or reach conclusions inconsistent with this language. (*Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1390 [129 Cal.Rptr.2d 892].)

■ Our holding comports with and harmonizes the purposes behind both sections 581 and 425.16. The purpose behind section 581 "is to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code." (*Cal-Vada Aircraft, Inc. v. Superior Court* (1986) 179 Cal.App.3d 435, 446 [224 Cal.Rptr. 809].) Meanwhile, section 425.16 "is designed to enable the defendant-victim of a SLAPP suit to extract himself or herself from the lawsuit as quickly and inexpensively as possible." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 9 (1992–1993 Reg. Sess.) as introduced Jan. 6, 1992, p. 2.) Allowing plaintiffs to voluntarily dismiss an action without penalty before the filing of an anti-SLAPP motion serves both purposes. Plaintiffs have the freedom to reconsider the wisdom of their actions without penalty before defendants have incurred clearly identifiable and recoverable legal fees. Defendants are expeditiously relieved of the burden a SLAPP suit imposes, because they must generally file their anti-SLAPP motion "within 60 days of the service of the complaint." (§ 425.16, subd. (f).)

A contrary holding would accomplish neither purpose. Penalizing plaintiffs despite a voluntary dismissal would restrict their freedom of action in a manner inconsistent with the Code of Civil Procedure. Permitting defendants to recover attorney fees and costs without filing a viable anti-SLAPP motion would only prolong and likely increase the overall costs of SLAPP litigation.

In reaching this conclusion, we recognize that "[a]n action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system . . . ." (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779 [45 Cal.Rptr.2d 345].) We further recognize that a defendant may incur legal fees and expenses in preparing an anti-SLAPP motion, before the voluntary dismissal of the action. But to conclude differently would raise other vexing questions. For instance, how is a trial court to evaluate the viability of an incomplete anti-SLAPP motion, not yet filed at the time of dismissal? Is a defendant entitled to finish briefing the motion, or to include the expense of

---

and costs pursuant to section 425.16, subdivision (c) even though the trial court sustained defendant's demurrer without leave to amend without ruling on the pending anti-SLAPP motion); *Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 446 [121 Cal.Rptr.2d 275] ("Where a plaintiff dismisses an action while an anti-SLAPP motion is pending, the defendant may nonetheless be entitled to recover attorney fees").

completed briefing as part of a motion for fees and costs? To allow recovery for postdismissal work runs counter to the purpose of section 425.16: to compensate defendants for expenses incurred in extricating themselves from SLAPP suits. Drawing a bright line is fully consistent with the terms and purposes of sections 425.16 and 581 and has the additional benefit of discouraging prolonged litigation solely over the matter of fees and costs.

■ Accordingly, we hold that defendants who do not file an anti-SLAPP motion before plaintiffs' voluntary dismissal may not recover attorney fees and costs pursuant to section 425.16, subdivision (c).

## III. DISPOSITION

We reverse the judgment of the Court of Appeal and remand with instructions that the matter be returned to the trial court for reinstatement of its previous order denying the award of attorney fees and costs.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.