Filed 5/21/14  Lund v. Merrick CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHERRY L. LUND, | |
| Plaintiff and Appellant, | G048210 |
| v. | (Super. Ct. No. 30-2011-00464163) |
| DOMINIQUE MERRICK, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Reversed and remanded.

Bohm Matsen, James G. Bohm and Scott A. Newman for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Brian M. Daucher and Adrienne W. Lee, for Defendant and Respondent.

## INTRODUCTION

This is an appeal from an award of attorney fees following the granting of a motion made under the anti-SLAPP statute.[1] Sherry Lund, the appellant here, prevailed on this motion in the trial court; we reversed, however, and directed the trial court to enter judgment for respondent Dominique Merrick.

Merrick subsequently moved for her attorney fees, as permitted by the statute, a motion granted by the trial court. Lund has appealed on several grounds.

We reverse the order granting Merrick her fees and remand the matter to the trial court. Merrick presented no admissible evidence regarding the amount of the fees. There was, therefore, no evidentiary support for the amount of the fees the trial court awarded. If Merrick wants attorney fees, she will have to renew the motion with admissible evidence.

## FACTS

Lund sued Merrick for slander and intentional infliction of emotional distress. Merrick filed a motion to dismiss under the anti-SLAPP statute. The trial court denied the motion, and Merrick appealed. We reversed and instructed the trial court to grant the motion and dismiss the case.[2]

Merrick then made a motion for her attorney fees under Code of Civil Procedure section 425.16, subdivision (c)(1), for $195,866. To support her motion, Merrick filed declarations from the main billing attorneys, one partner and one associate. The partner's declaration included copies of redacted bills.[3] The associate prepared a

---

[1] "SLAPP" is an acronym for "strategic lawsuit against public participation," and refers to a lawsuit which both arises out of defendants' constitutionally protected expressive or petitioning activity, and lacks a probability of success on the merits. (Code Civ. Proc., § 425.16; *S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 377.)

[2] *Lund v. Merrick* (Aug. 24, 2012, G045654) [nonpub. opn.].

[3] The bills were redacted to remove charges not connected with the motion.

two-page schedule of the hours worked, the tasks performed, and the amounts billed for each task. The schedule did not include the name of the timekeeper performing a task.

Lund opposed the motion on several grounds, all of which she has renewed on appeal. She filed objections to the evidence offered to support the fee motion, including an objection for hearsay. She also objected to the amount claimed, asserting that the billing was inflated and that Merrick was claiming reimbursement for hours spent on unnecessary and duplicative tasks. Lund objected to the use of block billing and to billing entries not specifically tied to the anti-SLAPP motion. Finally, she objected to the billers' hourly rates. At the hearing on the fee motion, however, Lund's counsel conceded that the billing rates of the attorneys claiming fees were the customary rates in the community.

The trial court granted Merrick's motion for the entire amount requested. It overruled Lund's evidentiary objections. Lund has appealed.

## DISCUSSION

Code of Civil Procedure section 425.16, subdivision (c)(1), provides in pertinent part: "(1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." We review an award of attorney fees for abuse of discretion. (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.) We also review the trial court's ruling on evidentiary objections for abuse of discretion. (*Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 885.)

Given the deference to the trial court's determinations about attorney fees mandated by the abuse of discretion standard of review (see *Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 782), we would not be inclined to second-guess the trial court's fee award, except for one problem with Merrick's motion: There is no admissible evidence to support the amount of fees requested and awarded.

3

The only evidence before the court was the declarations of two attorneys, a stack of bills, and an excerpt from a PriceWaterhouseCoopers billing survey for 2011. The bills are clearly hearsay, but no one made an effort to qualify them for the business records exception of Evidence Code section 1271.[4] (See, e.g., *Taggart v. Super Seer Corp.* (1995) 33 Cal.App.4th 1697, 1706.) The partner's declaration merely identified the bills by date and provided no information at all regarding their preparation.

Attorneys need not submit bills to obtain a fee award; their testimony based on personal knowledge of the hours worked and the tasks performed is sufficient evidence to support an award. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1374; *Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 269.) But no one gave the court that kind of information either. Nothing of the kind can be found in the partner's declaration. The associate prepared a breakdown of the charges by tasks and hours, based on the bills, but she is unlikely to have had personal knowledge of work performed by anyone but herself. (Cf. *Garibay v. Hemmat* (2008)161 Cal.App.4th 735, 743 [testimony of facts derived from records not properly before the court lacks foundation].) If she did have this knowledge, she did not explain to the trial court how she acquired it. It is not possible to tell from the schedule she prepared who did what and therefore what information she would be likely to know from personal knowledge. Nor did she present evidence of the hours and tasks attributable specifically to herself.

In light of Merrick's failure to submit admissible evidence to support her fee motion, we must return it to the trial court for another pass. (See *Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1124.) We wish to give the trial

---

[4] Evidence Code section 1271 provides: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: [¶] (a) The writing was made in the regular course of a business; [¶] (b) The writing was made at or near the time of the act, condition, or event; [¶] (c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and [¶] (d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

court maximum flexibility to consider any renewed motion, and therefore nothing in this opinion establishes the law of the case, except for the lack of admissible evidence of the amount of fees incurred.

Because Merrick should not have prevailed on her fee motion, she may not collect from Lund the fees incurred to make it. If and when the total fees are properly established, the fees for the original motion may not be included in any subsequent award the trial court may make. Likewise, Merrick did not prevail on appeal, so she may not recover the fees expended on it.

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court for a renewed motion for fees that includes admissible evidence of the amount, should Merrick wish to make one. Any subsequent fee award may not include fees incurred for the original motion or fees incurred for this appeal. Appellant is to recover her costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.

5