Filed 10/26/22  Timothy W. v. Julie W. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIMOTHY W., | |
| Plaintiff and Appellant, | G059837 |
| v. | (Super. Ct. No. 30-2019-01101730) |
| JULIE W. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

The Law Office of Douglas S. Honig and Douglas S. Honig for Plaintiff and Appellant.

Smith LC, Stephanie P. Alexander, John S. Clifford and Tesleem A. Azeez for Defendant and Respondent Julie W.

Ropers Majeski, German Ariel Marcucci and Terry Anastassiou for Defendant and Respondent Ronnie Dean Echavarria, Sr.

*        *        *

Plaintiff Timothy W. appeals the trial court's attorney fee order following the partial grant of special motions to strike pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute)[1] filed by defendants Julie W. and Ronnie Dean Echavarria, Sr. (defendants). The court granted Julie $88,561.25 and Echavarria $115,060 in attorney fees. Timothy puts forth various contentions as to why the attorney fee orders should be reversed. Because these arguments lack any legal merit, we affirm the order.

I

FACTS

A full statement of the facts can be found in the companion case, *Timothy W. v. Julie W.* (Oct. 26, 2022, G059429) [nonpub. opn.] (*Timothy W.*). For our purposes, it is sufficient to say that Timothy and Julie were married from 1995 until Timothy filed for dissolution in June 2018. During the dissolution proceedings, Julie hired Echavarria, a private investigator. Julie disclosed information to Echavarria that she had allegedly promised Timothy she would never reveal (the sensitive information). Echavarria allegedly told other people connected with the dissolution case, which resulted in the disclosure of the sensitive information to several other people. (*Timothy W.*, *supra*, G059429.)

Timothy subsequently sued defendants in civil court while the dissolution case was pending. His first amended complaint alleged 12 causes of action: (1) Breach of Oral Contract; (2) Breach of Oral Contract (Specific Performance); (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Breach of Fiduciary Duty; (5) Breach of Obligation of Confidential Relationship and Communications; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress;

_____

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

(8) Negligence; (9) Gross Negligence; (10) Invasion of Privacy (Including Public Disclosure of Private Facts); (11) Defamation; and (12) Injunctive Relief (Temporary Restraining Order, Preliminary Injunction, And Permanent Injunction). Echavarria was named in all claims except for breach of oral contract and "breach of obligation of confidential relationship and communications." (*Timothy W.*, *supra*, G059429, boldfacing & capitalization omitted.)

Defendants filed individual anti-SLAPP motions in November 2019. (*Timothy W.*, *supra*, G059429.) Between November 2019 and July 27, 2020, when the court ruled upon the motion, Timothy filed numerous noticed or ex parte motions. These included motions to seal the record, motions to reopen discovery despite the automatic stay (§ 425.16, subd. (g)), and a motion to exceed page limits, all directly related to the anti-SLAPP motions. Defendants were required to respond, attend hearings, or both. With the exception of filing certain documents under seal, Timothy was largely unsuccessful in these efforts.

The court's ruling on the anti-SLAPP motion granted Julie's motion as to all ten of Timothy's tort causes of action, leaving only the two breach of contract claims. Echavarria's motion was granted in its entirety. In doing so, the court rejected numerous arguments that Timothy had advanced, including that defendants' conduct was not protected under the narrow criminal exception explained in *Flatley v. Mauro* (2006) 39 Cal.4th 299, and that Julie had "waived" the protection of the anti-SLAPP statute by virtue of the alleged contract she entered into with him. The court found that the tort claims were subject to the litigation privilege, but the contract claims were not.[2]

---

[2] In the companion case, we disagreed as to the breach of contract claims and found, for various reasons, that Timothy had not met his burden to put forth a prima facie case. We also rejected his argument that the tort claims were not subject to the litigation privilege. (*Timothy W.*, *supra*, G059429.)

3

Defendants subsequently filed motions for attorney fees. Julie requested $91,777.25 in total. Echavarria sought $83,825.25 and costs of $1,936.90 actually paid, or alternatively, a prevailing community rate of $200,523.20. The motions were fully briefed by all parties. Timothy's oppositions requested, for various reasons, that Julie's fees be reduced to no greater than $58,904.95 and Echavarria's to no greater than $55,541.85. Among other things, Timothy argued that the court's decision to strike 10 of 12 causes of action only "marginally" advanced Julie's litigation posture and there was no evidence that Echavarria incurred any attorney fees, apparently because his bills were addressed to an insurance company.

The motion was heard at a hearing on January 4, 2021. After listening to the parties' arguments, the court noted: "[t]his case did not involve a simple straightforward anti-SLAPP motion. Instead, the anti-SLAPPs were complicated by Plaintiff's nine ex parte applications to conduct discovery, twice, to file oversized briefs, to seal the records, to set the time for opposition and to continue the hearings. Plaintiff's tactics were the primary reason the recoverable fees in this case were more than the routine anti-SLAPP motion." Quoting from *Peak-Las Positas Partners v. Bollag* (2009) 172 Cal.App.4th 101, 114, the court stated: "A party 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the opponents in response.'"

The court also reviewed the relevant provision of the anti-SLAPP statute and case law, noting that prevailing defendants in an anti-SLAPP motion were entitled to attorney fees as a matter of right. To begin assessing attorney fees, the court starts with the lodestar, based on a computation of the time spent and the reasonable hourly fee for each attorney. As to Julie's request, the court found the hourly rates billed by the various attorneys were reasonable. Rejecting Timothy's argument to the contrary, the court also found that all of the hours billed, including the hours on Timothy's various ex parte applications and noticed motions, were recoverable because they related to the anti-SLAPP motion. The court determined the evidence submitted was sufficient to establish

4

the hours spent. As to the issue of Julie's motion being partially successful, the court stated: "The anti-SLAPP motion was nearly completely successful except for the minor issue of the litigation privilege as it concerned the first and second causes of action for breach of contract. The anti-SLAPP motion substantially advanced [Julie's] posture in the case." The court excluded some work performed by an out-of-state attorney and reduced the $91,777.25 requested to a net award of $88,561.25 in fees and costs.

As to Echavarria, the court rejected Timothy's argument regarding insurance paying for Echavarria's defense. The court issued its award at a prevailing fee rate, due to Echavarria's insurance coverage, which had resulted in discounted rates billed by his attorneys. Therefore, the court awarded him the reasonable value of the worked performed, which was $115,060. Timothy appeals.


II

DISCUSSION

*Statutory Framework and Standard of Review*

As relevant here, pursuant to section 425.16, subdivision (c)(1): "[A] prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." (Italics added.) Attorney fees for a prevailing defendant in an anti-SLAPP case are not at the court's discretion; the court must award them. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 (*Ketchum*) [A "SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees"].) A defendant may recover fees for the time spent on the anti-SLAPP motion, not the entire case. (*S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381.)

In determining what constitutes the "anti-SLAPP motion," we look to the purpose of the statute. The purpose of the attorney fee provision in the anti-SLAPP statute is "compensating the prevailing defendant for the undue burden of defending against litigation designed to chill the exercise of free speech and petition rights." (*Barry*

5

*v. State Bar of California* (2017) 2 Cal.5th 318, 327-328.) Courts must construe the anti-SLAPP statute "broadly . . . so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 446.)

Accordingly, anti-SLAPP fee awards "should be fully compensatory" and, "absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." (*Ketchum*, *supra*, 24 Cal.4th at pp. 1133-1134.) Courts use the lodestar method as a starting point for attorney fee awards. To reach a lodestar amount, the number of reasonable hours spent, "multiplied by the prevailing rate for private attorneys in the community conducting *noncontingent* litigation," is calculated. (*Id.*at p. 1133.)

Timothy argues our standard of review is, at least in part, de novo, but he is incorrect. That standard only applies if there is an issue of law or statutory construction. (*Richmond Compassionate Care Collective v. 7 Stars Holistic Foundation* (2019) 33 Cal.App.5th 38, 45.) There is no such issue here. The statutory language and the dozens of cases interpreting it are clear: a prevailing defendant in an anti-SLAPP motion "shall be entitled" to attorney fees and costs. (§ 425.16, subd. (c)(1).) We therefore use the generally applicable standard of review, which is for an abuse of the trial court's discretion. Under that standard, a reviewing court will not disturb the amount of fees awarded unless it is clearly wrong. (*Ketchum*, *supra*, 24 Cal.4th at p. 1132.) "[T]here is no question our review must be highly deferential to the views of the trial court."

(*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.)  The burden is on Timothy to show error.[3]  (*Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 556.)

*Julie's Fee Award*

Julie's fee motion sought $91,777.25 in total fees and costs, reflecting 297.2 hours of work in preparation of, and in direct relation to, the anti-SLAPP motion, as well as filing her motion for fees.  The work was done by a paralegal, who billed $150 per hour, and several attorneys, who billed between $240 and $500 an hour.  The motion was supported by a declaration from her lead counsel, John S. Clifford, and over 70 pages of billing records and related exhibits.

"As the moving party, the prevailing defendant seeking fees and costs '"bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." [Citation.]  To that end, the court may require [a] defendant[] to produce records sufficient to provide '"a proper basis for determining how much time was spent on particular claims."'  [Citation.]  The court also may properly reduce compensation on account of any failure to maintain appropriate time records.  [Citation.]' [Citation.]  The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended."  (*Christian Research Institute v.*

---

[3] At numerous points, Timothy attempts to incorporate his papers below into his appellate brief.  His attempts are rejected.  "'[I]t is entirely *inappropriate* for an appellate brief to *incorporate by reference* documents and arguments from the proceedings below. . . .' [Citations.]  'An appellant cannot rely on incorporation of trial court papers, but must tender arguments *in the appellate briefs*.'"  (*In re Groundwater Cases* (2007) 154 Cal. App.4th 659, 690, fn. 18.)  Further, "[i]t is well established [that] this practice does not comply with rule 8.204(a)(1)(B) of the California Rules of Court, which requires an appellate brief 'support each point by argument and, if possible, by citation of authority.'"  (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 290, fns. omitted.)  We therefore decline to consider any argument not actually briefed.  (*Id.* at p. 291.)

*Alnor* (2008) 165 Cal.App.4th 1315, 1320.) The evidence here met this criteria. Indeed, even without detailed billing records, counsel's declaration, made under penalty of perjury, is sufficient to support and award of attorneys' fees under the anti-SLAPP statute. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 785; see *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396.) The billing records "fall within a narrow but long-recognized exception to the hearsay rule." (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1267.)

Accordingly, Timothy's contention that parts of the billing records were "vague and ambiguous" is without merit. His arguments about redactions in the billing record are also of no moment, as the declaration alone would have been sufficient.

Timothy also argues that the court improperly awarded Julie fees on the "unsuccessful" parts of her anti-SLAPP motion, and further claims the court failed to consider that Julie's litigation posture was "minimally advanced" by her success in striking 10 of 12 causes of action. He is wrong on both counts.

Generally speaking, "a prevailing party generally may not recover for work on causes of action on which the party was unsuccessful." (*Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 342.) "The fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way." (*Id.* at p. 345.) Timothy asserts that "except as to punitive damages," the breach of contract causes of action require proof of the same factual allegations as were in the stricken tort claims. But this is patently untrue. His claim for intentional infliction of emotional distress, for example, would have required litigating the issue of whether disclosing the sensitive information constituted "extreme and outrageous" conduct as a matter of law. (See *Crouch v. Trinity Christian Center of Santa Ana, Inc.* (2019) 39 Cal.App.5th 995, 1007.) His breach of fiduciary duty claim would have required litigating whether a marriage is a fiduciary relationship. The claim for public disclosure

8

of private facts and defamation also required defending against different factual allegations beyond the existence of a contract. The negligence claim required litigating whether any duty not to disclose existed as a matter of law. And those are just examples.

As the trial court noted, "the anti-SLAPP motion was nearly completely successful except for the minor issue of litigation privilege as it concerned the first and second causes of action for breach of contract. The anti-SLAPP motion substantially advanced defendant's posture in the case." We agree. The dismissal of the tort claims reduced the scope of the case considerably, in addition to, as Timothy concedes, eliminating the possibility of punitive damages. That itself was a significant victory, given that contractual damages must be both foreseeable *and* ascertainable. (Civ. Code, §§ 3300, 3301; see *Ericson v. Playgirl, Inc.* (1977) 73 Cal.App.3d 850, 852.) We find no abuse of discretion in the court's decision not to reduce the lodestar amount due to the surviving breach of contract claims.

Timothy's next argument is that Julie is not entitled to recover attorney fees on any of his many applications or motions related to the anti-SLAPP motion. He provides a nearly 10-page list of billing entries he claims were unrelated work. He provides no legal authority or argument as to whether closely related applications and motions are subject to an attorney fee award for a prevailing defendant, and has therefore waived the point on appeal.[4] (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Further, the little argument he does offer defeats him. He asserts: "The Court may reduce compensation on account of the party's failure to maintain appropriate records. [Citation.] The Court may also determine whether the case was overstaffed,

---

[4] Were we to consider this argument on the merits, we would reject it. The purpose of the prevailing defendant attorney fee provision in the anti-SLAPP statute would be significantly frustrated by allowing a plaintiff, while an anti-SLAPP motion was pending, to barrage defendants with multiple applications and motions, increasing their costs substantially, yet making the attorney fees incurred to defend against those motions unrecoverable. (See *Wilkerson v. Sullivan*, *supra*, 99 Cal.App.4th at pp. 446-447.)

how much time each attorney spent on claims, and if the hours spent were reasonable. [Citation.] The Court may require defendants to provide records to sufficiently prove the basis for determining how much time was spent on certain claims." But these contentions ignore the standard of review. While the court "may" make any of those findings, he offers no authority that not doing so here constituted an abuse of discretion.

Timothy's last argument is even less persuasive. He claims that Julie is not entitled to any fees expended on "unsuccessful" arguments, even if other arguments were successful in persuading the court to strike those causes of action. Timothy offers no legal authority for the proposition that offering alternate theories for the court's consideration renders the attorney time spent unrecoverable, and we reject this contention. There is no prohibition on offering alternative theories as long as one of them is successful, and adopting such a rule would not "effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit." (*Wilkerson v. Sullivan*, *supra*, 99 Cal.App.4th at p. 446.)

In sum, the trial court applied the lodestar amount Julie sought, adjusting the award downward to account for 13.4 hours of legal writing done by an attorney licensed in another state. The court's decision was supported by the proper documentation, including the attorney declarations and supporting documents. Timothy has not come close to meeting his burden to establish the trial court's attorney fee award was clearly wrong. (*Ketchum*, *supra*, 24 Cal.4th at p. 1132.)

*Echavarria's Fee Award*

Echavarria's motion for attorney fees calculated two amounts: the $83,825.25 actually billed to his insurance carrier, or alternatively, the prevailing rate of $200,523.20 for a total of 285.4 hours of paralegal and attorney time. The motion was supported by the declaration of his counsel and billing records, as well as the Wolters Kluwer Rate Report on prevailing attorney fees. The attorney declaration and supporting

10

documents were sufficient to support the award of $115,060, reflecting the reasonable value of the work performed.

Many of Timothy's arguments with respect to Echavarria's award are the same or similar to arguments he offered as to Julie, and we reject them for the same reasons.[5] His primary claim is that the evidence was insufficient due to billing records that either did not mention the anti-SLAPP motion or were partly redacted. He again provides a lengthy laundry list of such entries, which is even longer than the list he included with respect to Julie's fees. There is no attempt to group the entries by category, or provide any analysis. All of Timothy's legal argument is reduced to one paragraph that simply states the bills include entries not related to the anti-SLAPP motion. Again, he has waived any argument on this point. (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)

To the extent Timothy claims some of the entries are "too vague" due to redactions, we again reject this contention. As discussed above, the attorney's declaration alone may provide sufficient evidence for an attorney fee motion, and the one at issue here is more than adequate. (*City of Colton v. Singletary*, *supra*, 206 Cal.App.4th at p. 785.)

Timothy's final argument is that Echavarria's attorney fee motion does not allocate time spent on "successful portions" of his anti-SLAPP motion – while ignoring the fact that Echavarria was completely successful on his motion and that all causes of action against him were stricken and dismissed. Timothy attempts to claim Echavarria is only entitled to recover for successful individual legal arguments and not alternative theories the court did not need to consider, but as we pointed out above, Timothy offers no authority for this assertion. Echavarria was completely successful on his motion and nothing need be deducted. Timothy claims he "should not have to pay for the time

_____

[5] Timothy does not renew the ill-considered argument made below that Echavarria is entitled to no award at all due to his insurance coverage.

11

expended by Defendant for asserting . . . unsuccessful arguments," but he is completely incorrect. The only reason Echavarria had to offer those arguments was because he was wrongfully dragged into completely meritless litigation for activities protected by the anti-SLAPP statute. Timothy is required to pay attorney fees for alternative arguments offered in support of the anti-SLAPP motion. They were not "unsuccessful," as Timothy claims, but simply turned out to be unnecessary.

Timothy has not met his burden to demonstrate the fees awarded to Echavarria constituted an abuse of the court's discretion.


III

DISPOSITION

The order is affirmed. Defendants are entitled to their costs on appeal. As the prevailing defendants, they are also entitled to recover their attorney fees on appeal as a matter of right. (§ 425.16, subd. (c)(1); see *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460-461.) They may make the appropriate motion for attorney fees on appeal in the trial court.



MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.


12