Filed 12/18/25  Kim v. Woocher CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KIMI KIM, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JACOB WOOCHER, <br><br> Defendant and Appellant. | B337918 <br><br> (Los Angeles County <br> Super. Ct. No. 23STCV26561) |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy Patrick Dillon, Judge.  Affirmed.

Daniel J. Bramzon and Eric Post for Defendant and Appellant.

Kimi Kim, in pro. per., for Plaintiff and Respondent.

## INTRODUCTION

Defendants who prevail on special motions to strike under our anti-SLAPP statute are entitled to an award of attorneys' fees. (Code Civ. Proc., § 425.16, subd. (c).)[1]  However, defendants are not entitled to receive all the fees they request or even all the fees that they actually incurred.  Rather, prevailing defendants may only recover those fees that the trial court determines were reasonably incurred in bringing an anti-SLAPP challenge.

Here, an attorney who successfully defended tenants in unlawful detainer actions was later sued by the landlord.  The landlord's complaint alleged that the defendant attorney engaged in misconduct during the unlawful detainer actions.  The attorney responded by filing an anti-SLAPP motion to strike one of the landlord's causes of action, arguing the claim arose from protected activity and was barred by the litigation privilege.  In response, the landlord voluntarily dismissed the entire action.  The defendant attorney then moved for an award of attorneys' fees, arguing he would have prevailed on the merits of his anti-SLAPP motion.  The trial court granted the motion for attorneys' fees but reduced the award from the approximately $38,000 requested to $5,000.

The defendant now appeals, arguing the trial court abused its discretion in reducing his fee award.  We affirm, finding the trial court did not abuse its discretion in determining that a fee reduction was warranted given the nature and complexity of the issues raised in the anti-SLAPP motion to strike.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kimi Kim (Kim) filed a complaint against attorney Jacob Woocher (Woocher). Kim's complaint asserted causes of action for fraud, conversion, and legal malpractice, all of which stemmed from Woocher's legal representation of tenants in previous unlawful detainer actions that Kim filed as a landlord. Kim alleged that Woocher engaged in a litany of misconduct in the unlawful detainer actions, including falsifying evidence, committing perjury, and intimidating and "railroading" Kim.

Woocher retained counsel and filed an anti-SLAPP motion to strike Kim's cause of action for fraud. Woocher claimed that Kim's fraud claim arose from protected activity because it was based on actions he undertook in representing his clients in the unlawful detainer actions. Woocher argued Kim's fraud claim was barred by the litigation privilege codified in Civil Code section 47, subdivision (b), and thus Kim could not prevail on her cause of action for fraud.

Kim filed an opposition to the anti-SLAPP motion, and Woocher filed a reply. However, before the motion was heard, Kim voluntarily dismissed the entire action.

After the dismissal, Woocher moved to recover his attorneys' fees from Kim under section 425.16, subdivision (c). Woocher argued that, but for Kim's voluntary dismissal, his anti-SLAPP motion would have been granted, thereby entitling him to an award of fees as a prevailing defendant. Woocher's motion included declarations from his counsel—Kevin Hermansen (Hermansen) and Daniel Bramzon (Bramzon)—showing that he incurred $25,545 in attorneys' fees related to the anti-SLAPP motion. Woocher asked the court to apply a 1.5x fee enhancement multiplier to this figure because his counsel defended him in the action on a contingent basis. Accounting for

3

this requested multiplier, Woocher's motion sought a total fee award of $38,317.50.

The trial court determined that Woocher would have prevailed on the merits of his anti-SLAPP motion and was therefore entitled to an award of attorneys' fees. However, the court determined the requested fees were excessive, holding that "[t]he hours billed to prepare the anti-SLAPP motion are excessive. The hours billed for the two-page reply are also excessive. This is a simple and straight-forward anti-SLAPP situation. . . . Accordingly, based on the court's experience in presiding over countless motions in this court and having adjudicated many anti-SLAPP motions, the court awards Woocher $5,000 in attorneys' fees. This is 10 hours at $500 per hour. The court is familiar with the market for attorneys' fees in the Los Angeles community. This award fulfills the statutory purposes. The award is reasonable and is a market rate and fair award. No multiplier is warranted here."

Woocher timely appealed, arguing the trial court abused its discretion in reducing his fee award.[2]

## DISCUSSION

I. *Legal Standards*

A "prevailing defendant" on an anti-SLAPP motion "shall be entitled to recover [his or her] attorney's fees and costs." (§ 425.16, subd. (c)(1); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133 (*Ketchum*).) This rule applies even where a plaintiff has voluntarily dismissed an action before a defendant's

---

[2] Kim also appealed the trial court's fee award to Woocher, but we previously dismissed Kim's appeal for failure to comply with California Rules of Court, rule 8.100(g).

4

anti-SLAPP motion has been heard and adjudicated by the trial court. (See *S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381, fn. 2.) The fees recoverable under subdivision (c) include "'attorney fees incurred to litigate the special motion to strike (the merits fees) plus the fees incurred in connection with litigating the fee award itself (the fees on fees).'" (*Frym v. 601 Main Street LLC* (2022) 82 Cal.App.5th 613, 622 (*Frym*).)

In awarding fees under section 425.16, courts follow the "lodestar" method. (*Ketchum, supra*, 24 Cal.4th at p. 1131.) To calculate the amount of attorneys' fees, the court begins with a lodestar figure based upon the number of hours reasonably expended multiplied by the reasonable hourly rate prevailing in the community for similar work.[3] (*Frym, supra,* 82 Cal.App.5th at p. 621.) The lodestar figure may be increased or decreased depending on a variety of factors, and "the trial court has discretion to determine the amount of reasonable fees to award based on 'a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation.] The court may also consider whether the amount requested is based upon unnecessary or duplicative work.' [Citation.]" (*Ibid.*)

"[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." (*Ketchum, supra,* 24 Cal.4th at p. 1132.) "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." (*Id.* at p. 1138.) "A reduced award might be fully justified by a

---

[3] In ascertaining the reasonable hourly rate, "[t]he court may rely on its own knowledge and familiarity with the legal market." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1009.)

general observation that an attorney overlitigated a case or submitted a padded bill." (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 101.)

"We review an anti-SLAPP attorney fee award under the deferential abuse of discretion standard." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322 (*Christian Research*).) "'"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice."'" (*Espejo v. The Copley Press, Inc.* (2017) 13 Cal.App.5th 329, 378.) As "[t]he '"experienced trial judge is the best judge of the value of professional services rendered in his court, [a fee award] will not be disturbed unless the appellate court is convinced that it is clearly wrong."'" [Citation.]" (*Ketchum, supra*, 24 Cal.4th at p. 1132.)

II.    *No Abuse of Discretion*

On appeal, Woocher alleges the trial court abused its discretion in multiple ways in ruling on his motion for attorneys' fees. On the record before us, we find no such abuse of discretion.

Woocher claims "The trial court did not identify any specific entries it believed were excessive, block-billed, duplicative, or unnecessary." Not so. The trial court's order expressly stated that counsel's billing entries for work on the initial anti-SLAPP motion and subsequent reply were excessive: "[t]he hours billed to prepare the anti-SLAPP motion are excessive. The hours billed for the two-page reply are also excessive." The record is clear that the trial court reviewed Woocher's motion and the attached declarations from Woocher's counsel and identified specific billing entries that were excessive.

6

Woocher also claims the trial court determined that drafting the briefs for the anti-SLAPP motion should have only taken ten hours, and therefore inexplicably awarded no fees in connection with the other work reasonably performed in connection with the anti-SLAPP process, such as the preparation of a request for judicial notice and subsequent motion for attorneys' fees. This claim is also unsupported by the record. The trial court found that, based on its experience in adjudicating anti-SLAPP motions, ten hours was a reasonable amount of time to encapsulate all work in connection with the anti-SLAPP motion, not just the initial and reply briefing. This is made explicit in Woocher's own settled statement, which provides in pertinent part that, "At the hearing, the court explained that . . . [a]ll legal work regarding the preparation of the anti-SLAPP motion could have been accomplished with minimal activities, particularly in the context of this action."

Woocher also claims it was improper for the trial court to reduce the amount of the requested fees as excessive given the straightforward nature of the case, while also rejecting his request for a 1.5x fee multiplier for the same reason. Even if we were to accept Woocher's argument that a trial court cannot deny a multiplier and simultaneously reduce a fee award when it determines both are excessive, we find no error as the record affirmatively establishes Woocher was not entitled to a fee multiplier.

Woocher bore the burden of proof below in establishing that he was entitled to a fee enhancement. (*Ketchum*, *supra*, 24 Cal.4th at p. 1138 ["the party seeking a fee enhancement bears the burden of proof"].) Woocher argued a fee multiplier was appropriate here because his counsel took the

case on a contingent basis.[4]  However, Woocher did not submit any evidence on this point with his motion and therefore did not carry his burden of proof on the issue.  The declarations of Hermansen and Bramzon were both silent as to the supposed contingent nature of their representation of Woocher. Woocher did not submit a declaration in support of the fee motion, nor did he submit a copy of a retention agreement establishing that his attorneys defended the case on a contingent basis.  The trial court thus had no evidence establishing that Hermansen and Bramzon represented Woocher on a contingent basis.  As Woocher did not carry his burden to prove he was entitled to a fee enhancement multiplier, the trial court did not abuse its discretion in denying his request for one.

The principal thrust of Woocher's appeal is that the trial court had no basis to reduce his fee award because his attorneys' declarations were uncontroverted by any other evidence.  But "[t]he trial court is not bound by an attorney's evidence in support of his requested fee." (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 524 (*Vella*); accord *Christian Research, supra,* 165 Cal.App.4th at p. 1323 ["We may not reweigh on appeal a trial court's assessment of an attorney's declaration" in support of a fee request].) Instead, the trial court has broad discretion to reduce a fee award where it is concerned that the claimed fees are excessive or unreasonable. (*Ketchum, supra,* 24 Cal.4th at p. 1132.)  In doing so, the trial court is expressly permitted to rely on its own knowledge and experience regarding the nature of the litigation and the complexity of the issues presented to determine if

---

[4]    A trial court may, but "is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk." (*Ketchum*, *supra*, 24 Cal.4th at p. 1138.)

8

claimed billings were unnecessary, excessive, or duplicative. (*Ibid.*; *Frym, supra,* 82 Cal.App.5th at p. 621.)

This is precisely what happened here. The record shows the trial court properly reviewed and considered the declarations of Woocher's counsel and found their billing on the case to be excessive in light of the straightforward nature of the anti-SLAPP analysis under the particular facts of the case. The court's decision in this regard is fully supported by the record.

For example, the court noted that Woocher's counsel billed an excessive amount in connection with Woocher's two-page reply in support of the anti-SLAPP motion. Hermansen billed approximately eight hours in connection with the reply brief, with Bramzon contributing approximately one hour of additional billing. A review of Woocher's anti-SLAPP reply confirms this billing was excessive. As the trial court noted, the reply brief is approximately two pages in length. Aside from adding one short paragraph arguing that Kim's pro. per. status did not entitle her to special treatment, the reply brief below simply repeated the arguments of Woocher's motion in summary fashion using the same case citations. Woocher has not shown below or on appeal that Kim's opposition raised any complex legal issues that required additional research. Indeed, Woocher's reply in support of his anti-SLAPP motion asserts that Kim's opposition provided "nothing substantive" in response to the argument that the litigation privilege barred Kim's fraud claim.[5]

---

[5]     The same is true for the billing on the initial anti-SLAPP motion. The record indicates that Woocher's attorneys billed more than 20 hours in connection with the initial briefing on the motion. Woocher's initial brief was less than ten pages long. Of those ten pages, only three were devoted to substantive legal argument under the two prongs of the anti-SLAPP framework. This supports the trial court's conclusion that Woocher's motion

The lodestar method does not require a trial court to go line-by-line through attorney billing records and make individualized findings with surgical precision, setting out its justification for awarding or not awarding fees in connection with each entry. Rather, the lodestar method requires only that the trial court determine the number of hours reasonably expended by counsel and then multiply that figure by the reasonable hourly rate prevailing in the community for similar work. (*Frym*, *supra,* 82 Cal.App.5th at p. 621.) This is exactly what the trial court did here. It determined that ten hours of attorney time were reasonably incurred in connection with the anti-SLAPP motion. It then proceeded to multiply that figure by $500, which the court determined was a reasonable hourly rate for the work given the court's familiarity with the market for attorneys' fees in the community. On appeal, Woocher has not shown the issues presented by his anti-SLAPP motion to strike were so complex as to make an award of $5,000 in fees a miscarriage of justice.

"The record here reflects that the trial court weighed and considered many factors in determining the value of the attorney's services. The award was not an abuse of discretion and will not be disturbed on appeal." (*Vella, supra,* 151 Cal.App.3d at p. 524.)

The trial court's order awarding Woocher $5,000 in attorneys' fees under section 425.16 is affirmed.

---

presented a simple and straightforward application of the anti-SLAPP statute.

10

**DISPOSITION**

The order is affirmed.  Kim is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


MORI, J.